**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-20102

SITUS CAPITAL SERVICES INC.; CREDIT SUISSE FIRST BOSTON
MORTGAGE CAPITAL, LLC,

                                    Plaintiffs-Counter Defendants-
                                    Appellants-Cross-Appellees,

                    VERSUS

MICHELE LTD.,

                                    Defendant-Counter Claimant-
                                    Appellee-Cross-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
H-00-CV-2011

November 8, 2002

Before DAVIS, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

    This appeal was filed by Situs Capital Services, Inc. (Situs)

and Credit Suisse First Boston Mortgage Capital LLC (CSFB) from an

adverse declaratory judgment determining that appellants were bound

---

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by a May 5, 1998 Commitment Letter to fund a loan to appellee, Michele, Ltd., and imposing liability on appellants to Michele Ltd. for breaching that contract. We conclude that summary judgment evidence reveals that appellants were not obligated under the Commitment Letter to fund the loan because Situs terminated the May 5 contract--as permitted by that contract--because of a change in circumstances in the property.

I.

In April and May of 1998, Michele negotiated with Situs for Situs to originate a $1.5 million loan to Michele. CSFB had a right of first refusal to acquire the loan after closing. Michele and Situs entered into a letter agreement dated May 5, 1998 (the Commitment Letter) which memorialized the key terms of the proposed mortgage and the conditions for closing. Michele paid a $15,000 deposit when it signed the Commitment Letter. CSFB is not a party to the Commitment Letter.

The Commitment Letter contained several conditions on Situs' obligation to close the mortgage loan, including the "absence of any development occurring with respect to the Property or [Michele] prior to the date on which the Mortgage Financing closing occurs which could, in [Situs'] opinion, materially and adversely affect the net operating income or value of the Property or the ability of [Michele] to service the Mortgage Financing."

In early October 1998, Situs learned that Michele had lost a major tenant at the property, causing the property to be 17% vacant

2

and reducing the income from the property that was available to service the loan. In a letter dated October 5, 1998, Situs advised Michelle that it could not make the $1,500,000 loan because of this development. Following discussion between Situs and Michelle, Situs proposed a "holdback" of $210,000 from the loan amount, pending Michele obtaining a replacement tenant. It also raised the interest rate on the loan. Michele refused to close the loan on these terms.

Situs and CSFB filed suit against Michele in June 2000, seeking declaratory judgment regarding its obligations under the Commitment Letter. Michele counterclaimed alleging breach of contract, fraud and negligent misrepresentation. Michele also filed third-party claims against affiliates of Situs raising the same claims. All parties moved for summary judgment. The district court entered summary judgment in Michele's favor on Michele's contract counterclaims, finding that Situs and CSFB had breached their obligation under the Commitment Letter to close the proposed loan transaction at the original interest rate. The district court entered summary judgment in Situs' and CSFB's favor on Michele's tort counterclaims and third-party claims. The district court awarded damages to Michele. All parties appeal.

We are satisfied that when Michele lost a major tenant, around October 5th, Situs was entitled to consider this as the development of a condition that excused it from funding the loan. When it learned of the loss of this tenant, Situs proposed the new

3

terms under which it was willing to make the loan, including the hold back and the higher interest rate. The failure of the parties to agree upon new terms creates no liability between them. Michele argues that the new interest rate proposed by Situs/CSFB was not responsive to the condition of losing a tenant, rather that the interest rate was reset in response to market conditions. However, once the condition occurred and the Commitment Letter terminated, Situs was entitled to decline to make the loan under any terms or reset new terms under which it was willing to make the loan. Michele also argues that Situs' continued discussions about completing the loan after Situs' October 5 letter demonstrates that Situs had not terminated the May 5 Commitment Letter. This argument is inconsistent with the express language of the May 5 Commitment Letter which provides that if discussions continue after the lender's obligations have terminated, "SCSI's continued negotiations with respect to the Mortgage Financing shall be nothing more than a good faith effort to consummate the Loan, and shall not be construed in any way to extend SCSI's commitment hereunder."

## II.

For the above reasons, we vacate the judgment entered in favor of Michele and against Situs and CSFB on the breach of contract claim and render judgment in favor of Situs and CSFB on this claim. We remand this case to the district court for a resolution of Situs and CFSB's claim for attorney's fees. We affirm the district

4

court's judgment in favor of Situs and CSFB on all of Michele's counterclaims and third-party claims.

REVERSED and RENDERED in part,

AFFIRMED in part and

REMANDED.